IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DYLAN OTTMERS,
    *Plaintiff*

-vs-                               A-19-CV-00929-JRN

SPEEDY CASH,
    *Defendant*

## ORDER

Before the Court in the above-entitled and styled cause of action are Defendant's Motion to Compel Arbitration and Dismiss the Action (Dkt. 8), and Plaintiff's Response (Dkt. 10). Plaintiff brought this action seeking relief under the Telephone Consumer Protection Act (TCPA). *See* 47 U.S.C. § 227, *et seq.* Defendant moves the Court to dismiss this action pursuant to the arbitration clause in a Credit Access Services Agreement between the parties. (Mem. Mot. Dismiss, Dkt. 9, at 1). Plaintiff does not oppose the referral of the case to arbitration but does oppose the dismissal of the case with prejudice, and requests that the Court stay the case pending the outcome of arbitration instead. (Resp. Mot. Dismiss, Dkt. 10, at 1).

Staying the case, however, is not the proper course for the Court. In this Circuit, "a district court lacks subject matter jurisdiction over a case *and should dismiss it* pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration." *Ocoro v. Montelongo*, 2018 WL 1474680 at *3 (W.D. Tex. March 23, 2018) (citing *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014)) (emphasis added). Where there is a valid arbitration clause, the Court must grant the order to compel arbitration unless "it may be said with positive assurance that

the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (citation omitted).

Here, neither party disputes the validity of the arbitration clause. Therefore, the Court is bound by Fifth Circuit precedent to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Ocoro*, 2018 WL 1474680 at *3.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration and to Dismiss the Action (Dkt. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

SIGNED this 10th day of December, 2019.

JAMES R. NOWLIN
UNITED STATES SENIOR DISTRICT JUDGE